IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY WELLS, #A-81775,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11-164-GPM |
| ) | |
| MICHAEL P. RANDALE, DONALD ) | |
| GAETZ, ASSISTANT WARDEN SPILLER, ) | |
| LT. FERRELL, SGT. DUNN, C/O ) | |
| DEATHROW, CMT BRAWN, and TERRY ) | |
| L. McCANN, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bobby Wells, an inmate currently at the Stateville Correctional Center (Stateville), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. During the time period relevant to his claims, Plaintiff has been housed at both Stateville and Menard Correctional Center (Menard).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and supporting exhibits, the Court finds that some, but not all, of Plaintiff's claims should be dismissed at this stage of the litigation.

### FACTS ALLEGED IN COMPLAINT

On December 18, 2007, Plaintiff underwent hip replacement surgery at the University of Illinois Chicago (UIC) Hospital and remained there until he was transferred to the Stateville Healthcare Unit (HCU) on December 23, 2007. On December 24, 2007, Plaintiff was informed that he had been placed on level "E" status[1] upon his return to Stateville for attempting to escape from the hospital following his surgery. The Stateville warden, Defendant McCann, placed Plaintiff on level "E" status without affording him an opportunity to defend himself against the charge of attempted escape. Rather, the level "E" status was based upon Plaintiff's hospital roommate's statement that Plaintiff removed a screw from his crutches for the purpose of using it as a weapon to escape. Plaintiff contends that any attempt to escape would have been impossible because he was under heavy anesthetic during his recovery.

---

[1] Plaintiff explains in his complaint that level "E" status signifies a prisoner's high escape risk. A prisoner assigned level "E" status is subject to increased restrictions relating to property, movement, and visitation privileges. The cells of level "E" status prisoners are searched weekly, and such prisoners are moved to a new cell every 90 days and to a new prison every year.

While Plaintiff was confined at Stateville, he received a medical permit on April 29, 2008, for a low gallery/low bunk and slow walk for a period of one year. On September 30, 2009, Plaintiff received a six month renewal of his medical permit for a low bunk, low gallery, and front cuffing. Plaintiff was transferred from Stateville to the Menard HCU on December 29, 2009.[2] Upon arrival, he was interviewed by Defendant Brawn. Plaintiff informed Defendant Brawn of his prosthetic hip replacement and his medical permit issued by Stateville for housing on a low gallery and low bunk because of the pain caused by climbing stairs. Defendant Brawn informed Plaintiff that his Stateville medical permit was not being honored at Menard and that he would have to see the medical director before being assigned a low gallery and low bunk. Plaintiff then was placed in five gallery and assigned a high bunk. He claims that these assignments caused him severe pain and to develop a limp.

On January 7, 2010, the Menard medical director, Dr. Fahim, issued Plaintiff a one-year permit for low gallery (B), low bunk, and double cuffing behind the back. Plaintiff gave the permit to the five gallery officer, Defendant Deathrow, on January 15th, and Defendant Deathrow took it to the cell house sergeant, Defendant Dunn. When Plaintiff inquired about being moved to a low gallery/low bunk cell assignment on January 22nd, Defendant Ferrell, the cell house lieutenant, told Plaintiff that Defendant Spiller, the assistant warden, was not honoring the permit because level "E" status prisoners are assigned only to five and six galleries.

Plaintiff placed sick call requests on January 20 and 27, 2010, because of the hip pain caused by climbing up and down the stairs. On January 29th, Dr. Fahim prescribed pain medication after informing Plaintiff that the medical permit was not being honored because of Plaintiff's level "E"

---

[2] Plaintiff states that he was transferred to Menard on December 29, 2010; however, reading the complaint as a whole, it is clear that December 29, 2009, is the correct date.

status.

On February 12, 2010, with his hands cuffed behind his back, Plaintiff fell down the stairs from five gallery. He hit his head, right shoulder, right elbow, and right hip and was taken to the HCU for evaluation and treatment.

## DISCUSSION

To facilitate the orderly management of this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> Count 1: Against Defendants Spiller, Brawn, Deathrow, Dunn, and Ferrell for deliberate indifference to his serious medical needs when they refused to honor Plaintiff's low gallery/low bunk medical permit.
>
> Count 2: Against unnamed defendants for deliberate indifferent to his serious medical needs when they required Plaintiff to walk down stairs with his hands cuffed behind his back.
>
> Count 3: Against Defendant McCann for violating his due process rights by reclassifying Plaintiff as level "E" status without giving him an opportunity to be heard.

<u>Deliberate Indifference to a Serious Medical Need</u>

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical

>condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (internal citations omitted). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). To be deliberately indifferent, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer*, 511 U.S. at 837. This test is not an insurmountable hurdle for inmates raising Eighth Amendment Claims.

>[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842; *accord Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

Plaintiff has sufficiently alleged that the chronic and pervasive pain resulting from his hip replacement was a serious medical need. Indeed, physicians at two different facilities found that the condition warranted medical permits for low gallery and low bunk, and Dr. Fahim prescribed pain medication.

Plaintiff alleges that he made Defendants Spiller, Brawn, Deathrow, Dunn, and Ferrell aware of his condition and that he complained about the difficulty he had walking and using stairs. Plaintiff further states that he informed these Defendants that his pain and suffering could be alleviated if they would honor his medical permit for a low gallery and low bunk. By Plaintiff's own allegations, Defendant Spiller, as the assistant warden, determined that the medical permits would

not be honored. Defendants Brawn, Deathrow, Dunn, and Ferrell cannot be said to have been deliberately indifferent to Plaintiff's serious medical need; rather, they acted upon their superior's decision that Plaintiff's escape risk status outweighed his need for a low gallery and low bunk. Plaintiff may pursue this deliberate indifference claim, designated above as Count 1, only against Defendant Spiller.

Plaintiff also claims that several prison staff members, whom he does not name, were deliberately indifferent to his serious medical needs when they required him descend stairs with his hands cuffed behind his back. But at the time Plaintiff fell down the stairs, his medical permit provided for double cuffing behind the back (Doc. 1-2). At that time, Dr. Fahim did not believe that Plaintiff's condition required front cuffing, as had been permitted at Stateville. Plaintiff cannot show that his condition was objectively, sufficiently serious to warrant additional cuffing instructions or that the unnamed defendants were deliberately indifferent to any such need. Accordingly, Plaintiff's deliberate indifference claim relating to his fall, designated above as Count 2, is dismissed.

Due Process

Plaintiff claims that Defendant McCann violated his due process rights by reclassifying him as level "E" status without offering Plaintiff an opportunity to be heard. The Due Process Clause forbids the State from convicting any person of a crime or depriving him of a constitutionally protected liberty interest without due process. U.S. CONST. amend. XIV, § 1. The State has constitutionally deprived Plaintiff of his liberty by virtue of his convictions. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise is subjected to some comparable deprivation of a

constitutionally protected liberty interest. *Id.* at 556-572. Plaintiff has not been subjected to disciplinary segregation, nor has he lost good time. For the Due Process Clause to be implicated in this instance, there must be a protected liberty interest that is being infringed. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). Not every "change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Id*. at 224. Inmates do not possess either a liberty or property interest in their prison classifications and assignments. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Meachum*, 427 U.S. 215, *and Montanye v. Haymes*, 427 U.S. 236 (1976).

While the reclassification to level "E" status does not itself implicate a liberty interest, there is a question whether the restrictions imposed thereby do implicate a liberty interest in this case. Liberally reading Plaintiff's complaint, Defendant McCann deprived Plaintiff of a liberty interest because the level "E" status classification followed Plaintiff to Menard and resulted in Defendant Spiller's deliberate indifference to Plaintiff's serious medical needs. *See generally Meachum*, 427 U.S. at 223 ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."); *Montanye*, 427 U.S. at 242 ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). At this time, Plaintiff's due process claim against Defendant McCann cannot be dismissed.

<u>Additional Defendants</u>

Pro se plaintiffs, whose complaints must be liberally construed, *see Haines v. Kerner*, 404

U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims to put the defendants on notice of the claims brought against them so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Michael P. Randale and Donald Gaetz are named in the complaint's caption and in a single paragraph describing their positions within the department of corrections. The complaint does not describe anything they did or did not do to violate Plaintiff's constitutional rights. The only reference to "Defendant Shaw" is: "because of the actions and inactions of Defendant Shaw the violations of [Plaintiff's] rights by all the other aforementioned defendants were able to occur" (Doc. 1, ¶ 22). These allegations are insufficient to assert claims against these individuals; therefore, the claims against Michael P. Randale, Donald Gaetz, and Defendant Shaw are dismissed without prejudice.[3]

### SUMMARY

For the foregoing reasons, Defendants Brawn, Deathrow, Dunn, and Ferrell are **DISMISSED**

---

[3]Plaintiff did not name Defendant Shaw in the caption, and Shaw was not listed as a defendant on the Court's docket when the case was opened. The Court dismisses the claim against Shaw to alert Plaintiff that any such claim, to the extent one was intended, is insufficiently alleged.

**with prejudice** from this action. Furthermore, Defendants Randale, Gaetz, and Shaw are **DISMISSED without prejudice** from this action.

The Clerk of Court shall prepare for **Defendants Spiller** and **McCann**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms and copies of the complaint and this Memorandum and Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendants cannot be found at the addresses provided by Plaintiff, the employer shall furnish the Clerk with Defendants' current work addresses, or, if not known, Defendants' last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court file nor disclosed by the Clerk.

Plaintiff **shall** serve upon Defendants (or upon defense counsel after they appear) a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 09/19/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge