IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-164-DG |
| ) | |
| WILLIAM SPILLER, TERRY L. MCCANN,) | |
| S.A. GODINEZ, MICHAEL P. ATCHISON,) | |
| and MICHAEL LEMKE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Sanctions and to Exclude Evidence filed by Plaintiff on June 5, 2013 (Doc. 85), the Motion for Summary Judgment filed by Defendants on July 15, 2013 (Doc. 88), and the Motion for Reconsideration filed by Defendants on September 30, 2013 (Doc. 101). For the reasons set forth below, the Motion for Sanctions is **DENIED WITHOUT PREJUDICE**, the Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**, and the Motion for Reconsideration is **GRANTED**.

INTRODUCTION

Plaintiff's claims stem from his incarceration at the Menard Correctional Center and the Stateville Correctional Center after he underwent a total hip replacement surgery on December 18, 2007. According to Plaintiff, he was prescribed a low bunk/low gallery medical permit which meant that he should have been housed in a cell that would reduce the necessity of climbing stairs, an activity that Plaintiff finds painful and dangerous in light of his medical conditions (Plaintiff also suffers from osteoarthritis, cervical spine degenerative disease and degenerative

polyarthritis). However, Plaintiff was apparently classified as an "extreme high escape risk 'Level E' inmate" upon his return to the prison from surgery: Plaintiff allegedly attempted to escape after his surgery. As a result of this classification, Plaintiff was subjected to various additional restrictions with respect to property, movement, and visitation and was compelled to switch cells every 90 days and switch prisons every year. Plaintiff's prescription for a low bunk/low gallery (which was issued in April, 2008 and renewed on a more-or-less yearly basis) also was not honored by either Menard CC or Stateville CC throughout 2008 to the present. Thus, Plaintiff is compelled to climb up and down multiple steps daily in order to eat, shower, and meet visitors. Plaintiff states that no one has been assigned to assist him and he fell down stairs on February 12, 2010 causing injuries.

Plaintiff claims that both his due process rights and the right to be free from cruel and unusual punishment were (and are) violated by his classification as a Level E inmate. Plaintiff alleges that prior to changing his classification (which increases the restrictions on his terms of incarceration) he was not afforded the opportunity to a hearing or other due process. Plaintiff further alleges that by failing to provide him with low bunk/low gallery housing, Defendants are being deliberately indifferent to a serious medical need. Plaintiff has named Salvador Godinez, Director of the Illinois Department of Corrections, Michael Atchison, the current Warden of Menard CC, Michael Lemke, the current Warden of Stateville CC, Terry McCann, the former Warden at Stateville CC, and William Spiller, the former Assistant Warden of Operations as Menard CC as Defendants in the Second Amended Complaint filed on September 23, 2013 (Doc. 100). Count I alleges a deliberate indifference claim against Defendants Godinez, Atchison, Spiller, and Lemke (in their individual and official capacities); and, Count II alleges a violation of due process claim against all five Defendants (also in their individual and official capacities).

Presently before the Court are a number of interrelated motions. In the Motion for Sanctions (Doc. 85), Plaintiff claims that Defendants have deliberately and without justification delayed the production of written discovery on Plaintiff's alleged escape attempt and subsequent Level E classification. For relief, Plaintiff seeks costs and an order that Defendants be denied the ability to use the evidence at trial. In the Motion for Summary Judgment (Doc. 88), Defendants seek judgment on both counts, arguing that Defendants lack personal involvement, that Plaintiff has no liberty interest in his classification, that Plaintiff's classification is related to a legitimate penological interest, and that they are entitled to qualified immunity and sovereign immunity. In the third Motion (Doc. 101), Defendants seek reconsideration of the Order (Doc. 98) granting permission to file the Second Amended Complaint. Defendants argue that while they do not object to the inclusion of Michael Lemke as a party-defendant, they do object to the additional due process claim leveled against Defendants Spiller and Atchison.

Defendants has filed a response to the Motion for Sanctions (Doc. 87) and Plaintiff has filed a reply brief (Doc. 106). Plaintiff has responded to the Motion for Summary Judgment (Doc. 102) but has not responded to the Motion for Reconsideration.

Plaintiff originally filed a *pro se* complaint on March 4, 2011 (Doc. 1) naming eight defendants including Defendants McCann and Spiller. Pursuant to a 28 U.S.C. § 1915A, a screening Order (Doc. 12) found that Plaintiff could proceed on his deliberate indifference claim against Defendant Spiller (only) because he made the decision to not honor the medical permits in light of Plaintiff's Level E classification. Plaintiff was also allowed to proceed on his due process claim against Defendant McCann. Counsel was recruited for Plaintiff on January 4, 2012 (Doc. 25) and he filed an Amended complaint on March 20, 2012 (Doc. 37). In that Amended Complaint, Plaintiff asserted deliberate indifference claims against Defendants Godinez,

Atchison, and Spiller and due process claims against Defendants McCann and Godinez. As indicated above, Plaintiff's Second Amended Complaint asserts the deliberate indifference claim against Defendant Lemke in addition to Defendants Godinez, Atchison, and Spiller and asserts the due process claim against Defendant Spiller, Atchison, and Lemke, in addition to Defendants McCann and Godinez.

## MOTION FOR RECONSIDERATION

Plaintiff filed his Motion for Leave to File a Second Amended Complaint on April 24, 2013 arguing only that he seeks to add Defendant Lemke as a party because Plaintiff had been transferred to Stateville CC with the same medical permit and the same classification. Plaintiff did not indicate that he was also seeking to assert the due process claims against Defendants Spiller and Atchison. Defendants did not file a timely objection. Plaintiff's motion was granted and he filed his Second Amended Complaint on September 30, 2013 not only adding Defendant Lemke but also asserting the due process claim against three more Defendants. Defendants now complain that while they do not object to the addition of Defendant Lemke, they do object to the due process claim being asserted against additional Defendants. Defendants also indicate that they never did receive a copy of the proposed second amended complaint along with the motion.

The Motion is **GRANTED**. Plaintiff's Motion only sought leave to amend to assert claims against a new Defendant, Warden Lemke. On that basis, the Motion was granted and the Second Amended Complaint should have only included the additional claim permitted by the Court. Therefore, the due process claims contained in Count II of the Second Amended Complaint against Defendants Spiller and Atchison are hereby **STRICKEN.** The Court notes that Defendant Lemke has not been served in this matter and service shall be directed by separate order.

**MOTION FOR SANCTIONS**

Plaintiff outlines a series of events related to his efforts to acquire documents related to his alleged December 2007 escape attempt. Plaintiff states that Defendants failed to produce the documents by the deadline included in the May 18, 2012 Scheduling Order (Doc. 44) directing Defendants to produce records or statements of persons with knowledge of the incidents described in the complaint. Plaintiff also states that Defendants have failed to produce the information despite repeated requests (through discovery) and the filing of a Motions to Compel on March 27, 2013 April 9, 2013.[1] Plaintiff argues that documents related to Plaintiff's escape attempt were produced on May 16, 2013 but that they are redacted and illegible. And, Plaintiff states that additional discovery, including further written discovery and depositions, will be required. For relief, Plaintiff seeks an Order that would prevent Defendants for using the undisclosed documents and Plaintiff's costs in filing the motion.

In response, Defendants indicate that, essentially, they sent requests for the information to the Stateville litigation coordinator but did not receive a timely response from either the coordinator or the IDOC. Defendants further state that within a week of receiving the redacted documents, they sent them to Plaintiff's counsel. Defendants note that the custodian of the documents is the IDOC. Defendants further state that they have been cooperative in discovery and in attempting to schedule depositions.

---

[1] The docket in this case reveals that only one Motion to Compel was filed on April 9, 2013 (Doc. 75) and a hearing was held on April 17, 2013 (Doc. 78). Subsequent to that hearing, and on April 30, 2013, this Court granted in part the Motion to Compel and directed Defendants to produce three Administrative Directives related to medical furloughs, transfer documents, and escape plans (Doc. 84). No other motions to compel have been filed by Plaintiff nor has this Court directed Defendants to specifically provide additional information regarding the particulars of Plaintiff's escape attempt and classification level. Plaintiff's motion for sanctions was filed two months after this Court's Order.

From Plaintiff's supplemental response, it appears that he has received additional discovery that he also believes is deficient and that the delay in receiving the documents has prejudiced his efforts in prosecuting this matter.

The Court has considered the arguments made in the briefs and has determined that the sanction of excluding evidence is not warranted in this matter. These motions have been pending for a significant time (as has this matter) due to delay on the Court's part. As this matter stands, a trial date has not been set and a Motion for Summary Judgment is pending. In addition, Defendant Lemke has not been served in this matter and may wish to conduct discovery in order to present a defense. Any prejudice suffered by Plaintiff in the delay of this matter is not wholly due to Defendants. The Court is also mindful that the IDOC is somewhat recalcitrant in cooperating in the discovery process and that the actions of the IDOC cannot necessarily be attributed to the Defendants themselves. In light of the arguments made in the brief that Plaintiff essentially needs to do more discovery in order to fully prosecute this matter, and in order to move this matter along, the following is hereby **ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 88) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Sanctions is **DENIED WITHOUT PREJUDICE**. The Court denies the motion to the extent that Plaintiff seeks exclusion of evidence. However, the Court will consider the imposition of costs and attorney fees associated with the Motion and any subsequent, necessary, discovery.

3. This matter is **SET** for an in person hearing on **April 3, 2014** at **9:30 a.m.** The parties shall be prepared to discuss **ANY** outstanding discovery that will need to be accomplished prior to trial in this matter, and the costs associated thereof. The parties should also be prepared to discuss the issue of Plaintiff's official capacity claims against the individual Defendants and what evidence exists that would implicate their personal involvement in the claims made by Plaintiff.

3. By **March 28, 2014**, Plaintiff shall provide the Court with the costs associated with filing the Motion for Sanctions (Doc. 85) including the reasonable attorney

fees incurred.

## CONCLUSION

For the foregoing reasons, the Court are the Motion for Sanctions and to Exclude Evidence filed by Plaintiff on June 5, 2013 (Doc. 85) is **DENIED WITHOUT PREJUDICE**, the Motion for Summary Judgment filed by Defendants on July 15, 2013 (Doc. 88) is **DENIED WITHOUT PREJUDICE**, and the Motion for Reconsideration filed by Defendants on September 30, 2013 Doc. 101) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 13, 2014**

　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**