IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-164-DGW |
| | ) | |
| WILLIAM SPILLER, TERRY L. MCCANN, S. A. GODINEZ, and MICHAEL P. ATCHISON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Summary Judgment filed by Defendants on April 2, 2015 (Doc. 123) and the response thereto filed by Plaintiff on July 18, 2014 (Doc. 125).[1]  For the reasons set forth below, and for the reasons set forth at a hearing held on February 9, 2016, the Motion is **GRANTED IN PART and DENIED IN PART**

At the hearing, and for the reasons set forth therein, this Court held that Defendants are entitled to summary judgment on Count 2 of the Second Amended Complaint, alleging that Plaintiff's due process rights were violated when he was classified a Level E high escape risk inmate.  Summary Judgment is granted in favor of Defendants and against Plaintiff on the merits and on the question of qualified immunity as to Count 2.  The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this matter.

At the hearing, this Court also took under advisement the Motion with respect to Count 1,

---

[1] On March 30, 3015, this Court denied without prejudice the original Motion for Summary Judgment because exhibits were not attached.  Defendant since informed the Court that the exhibits were attached to a previous motion for summary judgment filed on July 15, 2013 (Doc. 89) and referenced in the June 18, 2014 Motion for Summary Judgment.  Plaintiff was not required to refile his response.

which alleges that Defendants Godinez, Atchison, and Spiller were deliberately indifferent to Plaintiff's medical needs when they failed to honor a low bunk/low gallery permit while he was incarcerated at the Menard and Stateville Correctional Centers. For the reasons set forth below, the Motion is now **GRANTED IN PART and DENIED IN PART** as to Count 1. The Motion is **GRANTED** as to Defendants Godinez and Atchison and **DENIED** as to Defendant Spiller.

It is undisputed that Plaintiff was given a low bunk/low gallery permit by his doctor because of his medical condition. That permit, however, was not honored when Plaintiff was housed at the Menard Correctional Center because of Plaintiff's status as a high escape risk. As a result, he was housed on a higher gallery or given the untenable choice of being permanently/temporarily housed in the healthcare unit or in protective custody. Both of these choices would have resulted in restrictions like no visitors or yard time. As Plaintiff points out, it would have been the equivalent of being on lockdown or solitary confinement. A jury could find that the failure to honor the medical permit at Menard, even though it was honored at Stateville, the lack of a reasonable alternative, and the fact that there was a risk of harm (that actually occurred), would support a claim of deliberate indifference against Defendant Spiller (the only person who appears to be personally involved).[2]

"Deliberate indifference is a subjective standard." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). "Under this standard, conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478

---

[2] Liability under 42 U.S.C. § 1983 requires some type of personal involvement. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). There is no evidence from which a jury could conclude that Defendants Godinez and Atchison were personally involved in any (alleged) constitutional violation.

(7th Cir. 2005) (internal quotation marks and citations omitted).  A jury could find Defendant Spiller was aware of the risks and could have easily prevented the risk from occurring – just as officials at Stateville were apparently able to do.  *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) (stating that prison officials can be deliberately indifferent by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

## CONCLUSION

For the foregoing reasons, and the reasons set forth at the February 9, 2016 hearing, the Motion for Summary Judgment filed by Defendants on April 2, 2015 is **GRANTED IN PART and DENIED IN PART.**  The Motion is **GRANTED** as to Count 2 and Defendants Godinez, McCann, and Atchison.  The Motion is **DENIED** as to Count 1 against Defendant Spiller only (the only remaining Count and Defendant).

Plaintiff Motion for a trial setting is **GRANTED** (Doc. 143).  This matter is set for a telephonic conference on **April 7, 2016 at 1:30 p.m.**  Defendant to initiate the conference call.  Parties should be prepared to discuss a final pretrial and trial date.

**IT IS SO ORDERED.**

**DATED: March 31, 2016**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**